UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE A. GIPBSIN,<br><br>Plaintiff,<br><br>v.<br><br>J. MCCUMBER, et al.,<br><br>Defendants. | No. 2:16-cv-2053 MCE CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. On December 19, 2016, the court screened plaintiff's original complaint as the court is required to do under 28 U.S.C. § 1915A(a). The court dismissed plaintiff's complaint with leave to amend. Plaintiff has now filed an amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

1

indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In his amended complaint, plaintiff again takes issue with parole eligibility proceedings. However, plaintiff fails to clearly articulate any violation of his federal rights. In essence, plaintiff complains about being denied parole. However, in the court's December 19, 2016 order dismissing plaintiff's complaint with leave to amend, the court informed plaintiff:

> [T]hrough this action, the court cannot grant any relief which would result in plaintiff receiving a shorter prison sentence. When a state prisoner challenges the legality of his custody and the relief he seeks is the determination of his entitlement to an earlier or immediate release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

To the extent plaintiff seeks monetary relief because he has been denied parole, his claims are barred by the Heck doctrine which forbids prisoner / plaintiffs from proceeding with claims for damages which imply the invalidity of their conviction or sentence. Heck v. Humphry, 512 U.S. 477, 486-87 (1994).

Because plaintiff fails to articulate any claim upon which plaintiff may proceed in his amended complaint, his amended complaint should be dismissed. Leave to amend should not be granted a second time as that appears futile given the court's instructions to plaintiff when the

court dismissed plaintiff's original complaint with respect to the contents of the amended complaint. See ECF No. 11 at 3.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's amended complaint be dismissed with prejudice; and
2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 1, 2017

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

---

1
gipb2053.dis